ERNEST C. BAKER *vs.* EMMA L. BAKER.

MARCH 21, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.   This petition for divorce was tried before a justice of the superior court and was granted upon the ground of the respondent's adultery.  The case is before us upon the respondent's bill of exceptions to that decision, and to certain other rulings of the trial justice during the trial.

It appears in the transcript of evidence that the parties were married August 15, 1921, and, after living together for several years, became separated shortly before December 1930.  The wife then filed a petition for divorce from the bed and board of her husband, and he in turn filed a cross-petition against her for absolute divorce.  This original petition and cross-petition were tried together in the superior court and both petitions were denied and dismissed on December 16, 1930.

The petitioner subsequently filed another petition for divorce, which was later discontinued in open court in order to bring the instant petition, which includes the additional ground of adultery.  The grounds alleged in the instant petition are extreme cruelty, willful desertion, adultery, and gross misbehavior and wickedness repugnant to and in violation of the marriage covenant.  At the trial, however, the petitioner specifically waived the ground of willful desertion, and also refrained from introducing testimony on any of the other alleged grounds, except that of adultery.

The transcript further shows that the evidence offered by the petitioner supported the petition and was corroborated by several witnesses, including one who was not personally acquainted with either of the parties.  The respondent's testimony tended to contradict such evidence, but no witness was offered to corroborate her.

The bill of exceptions originally included seventeen excep-

tions, but only sixteen of them are before us at this time. Because some of them raise similar questions of law, the respondent has briefed and argued them generally in groups, and we shall consider them in a similar way. These sixteen exceptions, therefore, may be classified in three groups as relating generally to the decision of the trial justice on the merits; second, to rulings of the trial justice in allowing or disallowing the introduction of certain testimony, or in striking out or refusing to strike out other testimony; and third, to rulings of the trial justice refusing permission to the respondent to offer evidence of the petitioner's alleged conduct prior to December 16, 1930, the date when the wife's original divorce petition and her husband's cross-petition were heard and denied.

Exceptions 11 and 17, comprising the first group, raise the question whether the allegations of the petitioner are established by a fair preponderance of the evidence. The evidence for the petitioner was definite as to the time, place and circumstances of the alleged violation by the respondent as well as to the identity of the persons involved. This evidence was corroborated by several witnesses, at least one of whom was entirely disinterested, and no reason appears in the transcript to induce him to color his testimony. The respondent admitted substantially all of the testimony, given by the petitioner and these witnesses, as to events happening just prior to the immediate occasion of her alleged infidelity and admitted the identity of her companion; but she denied any wrongdoing or any violation of the marriage covenant on that occasion. No evidence appears to contradict the petitioner's allegation that he was free from fault, at least since the determination of the original petition and cross-petition in December 1930.

The trial justice in his decision commented upon the lack of corroboration of the respondent's testimony in certain matters where she might have helped herself and the court; and also upon the failure of the respondent to even

attempt to obtain in some form the evidence of her admitted companion on the occasion in question, although his identity and address were known to her at all times. The trial justice's decision also shows that he considered the parties, their mode of living and the nature and value of their evidence under the circumstances, and that he believed the evidence introduced upon behalf of the petitioner. If so believed, the great weight of the testimony supports the allegations of the petition. We have examined the transcript of evidence in the light of his decision and, as we cannot say that he was clearly wrong, the respondent's exceptions 11, to the refusal to dismiss the petition, and 17, to the decision for the petitioner, are overruled.

The exceptions in the second group question various rulings of the trial justice in allowing or refusing to allow the introduction of certain testimony; in granting the petitioner's motion to strike out certain testimony; and in refusing to grant the respondent's motion to strike out other testimony. We have examined these exceptions and the questions and motions in the transcript which relate thereto. The questions which were not allowed are too vague, general or irrelevant. The answers to some of them substantially appear elsewhere without objection or were actually made before objection and, in the absence of a motion to strike out, could not be considered harmful to the respondent. The questions allowed, even if erroneous, cannot in our opinion be said to constitute prejudicial error in the existing circumstances. Likewise, we cannot say that the respondent was prejudiced by the trial justice's rulings on the motions to strike out certain testimony. All of the exceptions in the second group, viz.: 1, 2, 3, 4, 7, 8, 9, 10, 12 and 13, are, therefore, overruled.

By the third group of exceptions the respondent contends that the trial justice erred in refusing to allow her to introduce, as set forth in her offers of proof, evidence concerning the conduct of the petitioner, which occurred before

the hearing on the divorce petition and cross-petition in December 1930. She concedes that this prospective evidence was part of that original case and was *res adjudicata,* so far as the grounds alleged for divorce were concerned. But she argues that the petitioner must prove affirmatively the allegation in this petition that he has demeaned himself as a faithful husband from the time of marriage; and that evidence of his prior conduct is admissible in her own defense in the instant case to contradict the petitioner on that issue, notwithstanding that such evidence was passed upon with relation to the grounds alleged in the former case. In support of her position generally she cites the law enunciated in *Roy* v. *Roy,* 47 R. I. 81 and *Puhacz* v. *Puhacz,* 55 R. I. 306.

The difficulty with the respondent's third group of exceptions is that the offers of proof made by her and denied by the trial justice are so vague and indefinite that we cannot, without pure conjecture, determine whether the prospective testimony involved was pertinent and material; or whether, if it was admissible, the exclusion of it was prejudicial to the respondent. We therefore must overrule her exceptions 6, 14, 15 and 16, constituting the third group.

All of the respondent's exceptions are, therefore, overruled and the cause is remitted to the superior court for further proceedings.

*Fergus J. McOsker,* for petitioner.

*Nathan Perlman,* for respondent.