ERNEST C. BAKER *vs.* EMMA L. BAKER.

MARCH 21, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This cause is before us on the respondent's appeal from a decree, entered within the above-entitled divorce case in the superior court, vacating a portion of a previous decree that had awarded allowances *pendente lite* for the support of the respondent; and also on the respondent's appeal from the trial justice's ruling denying her motion for allowance of additional counsel and other fees to enable her to prosecute her bill of exceptions. This appeal was heard together with the respondent's exceptions to the decision of the trial justice on the merits of the divorce case, in which our opinion was filed March 21, 1939, *Baker* v. *Baker*, 62 R. I. 234.

It appears that after the merits of the divorce case were heard and decided in the superior court on December 21, 1937, the respondent duly filed her notice of intention to prosecute a bill of exceptions to that decision and ordered a transcript of evidence therein. Before the bill of exceptions was allowed, the petitioner filed within the divorce case a motion to vacate or suspend a portion of the decree for allowances *pendente lite*, which had been entered therein

on October 4, 1937. This motion sought to modify the provisions of that earlier interlocutory decree by suspending or vacating the executory portion thereof requiring payment of allowances to the respondent for her support in the future. The respondent opposed the granting of this motion and also filed a motion for additional counsel and other fees to enable her to prosecute her bill of exceptions to the decision of the case. Both motions were heard together on January 7, 1938 by the same justice who had entered the earlier decree for allowances *pendente lite,* and who also had heard and decided the merits of the divorce case in favor of the petitioner. No objection appears to have been made to the method adopted by the petitioner to bring this matter before the superior court.

If we understand the respondent's argument, she urges in effect that the trial justice was disqualified from hearing the motion in question because he had heard and decided the merits of the divorce case; and also that the respondent, being the wife of the petitioner until the merits of her exceptions were determined adversely by this court, was entitled as a matter of law to continued support according to the earlier decree. No case in point has been cited to support these contentions and, in our opinion, they are without merit.

The entry on October 4th of the decree *pendente lite* was originally addressed to the trial justice's sound discretion, before any of the evidence on the merits was available to him. The motion in the instant case to modify such interlocutory decree was filed after the trial justice heard and decided the merits adversely to the respondent. This motion was also addressed to the sound discretion of the court. Unless the trial justice abused this discretion, his ruling thereon and the decree appealed from must be sustained.

The facts upon which he founded his decision are apparently not disputed in the transcript. He found that the respondent, only a few months before, had indicated by her

evidence before him that she had ability to support herself, and did so, independently of her husband for several years; and that she had no need during that time and did not ask for assistance from him. No effort apparently was made by the respondent during all of this time toward reconciliation or living with her husband or seeking support. The trial justice also considered on this motion the evidence which was not available to him when the decree for allowance *pendente lite* was originally entered but which was presented at the trial on the merits, namely, the evidence of the respondent's infidelity.

Under all the evidence and circumstances with which he was then confronted, he found that the respondent was not entitled to *future* allowances for her support, and so he granted the motion to modify the interlocutory decree in that respect. We have examined the transcript and contentions of the respondent and we cannot say that the trial justice clearly abused his discretion. The respondent's appeal on this ground must, therefore, be overruled.

In deciding upon the respondent's motion for additional counsel and other fees, the trial justice apparently considered the allowances that had been granted by him on the husband's previous divorce petition which was discontinued before trial, thus obviating the necessity for any expenditure of the witness fees which had been allowed therein. He also had before him the allowances for additional witness fees in the instant case, whereas no witnesses were actually presented by the respondent; and took notice that the transcript had been ordered and paid for, thus insuring the respondent of a review of his decision upon the merits of this divorce case. He evidently considered that the unused allowances for witness fees were substantially sufficient to pay for the transcript of evidence, and that the allowances previously made for counsel fees in the discontinued action might be considered with similar additional allowances made herein. The respondent's motion was addressed to the sound

242

discretion of the trial justice and, in view of our determination of the merits, we cannot say, under all the existing circumstances, that he abused that discretion.

For the reasons stated, the respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.